IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| PAUL CHANDLER HAMPTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 123-042 |
| | ) | |
| RALPH SHROPSHIRE, Warden,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at Valdosta State Prison, brings the above-styled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. For the reasons explained below, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED**, and this civil action be **CLOSED**.

## I.   BACKGROUND

In April of 2006, a jury sitting in the Richmond County Superior Court convicted Petitioner of one count of kidnapping, one count of aggravated sodomy, and two counts of aggravated sexual battery, and the trial court sentenced him to life without parole. (Doc. no. 1, p. 1). Petitioner appealed to the Georgia Court of Appeals, and his convictions were affirmed on November 25, 2008. See Hampton v. State, 670 S.E.2d 502 (Ga. Ct. App. 2008). Petitioner filed his first federal habeas corpus petition in 2013, raising multiple

---

[1]The Court **DIRECTS** the **CLERK** to update the docket consistent with the above caption, including terminating State of Georgia as a Respondent, because the only proper Respondent is Ralph Shropshire, the Warden at Valdosta State Prison, Petitioner's current place of incarceration. See Rule 2(a) of the Rules Governing § 2254 Cases.

grounds for relief, including alleged error based on the evidence use to convict him, the fairness of his sentence, and his purported mental incompetence.  See Hampton v. Jeanes, CV 113-155 (S.D. Ga. Aug. 19, 2013).[2]  Chief United States District Judge J. Randal Hall dismissed the petition as untimely.  See id. at doc. nos. 13, 15.  The Eleventh Circuit denied Petitioner's request for a Certificate of Appealability.  See Hampton v. Warden, No. 14-12493-E, *slip op.* at 1 (11th Cir. Oct. 29, 2014); also docketed in CV 113-155, doc. no. 21.

Petitioner originally filed the instant petition in the Middle District of Georgia on March 24, 2023, and United States District Judge Tillman E. Self, III, transferred the case to this District.  (Doc. nos. 1, 4.)  Petitioner argues there was insufficient evidence to convict him.  (See generally doc. no. 1.)  Petitioner does not allege he has requested or received authorization from the Eleventh Circuit Court of Appeals to file a successive petition.

## II.   DISCUSSION

Because Petitioner filed a prior application for a federal writ of habeas corpus, and there has been no new judgment intervening since the first federal application, the current application is successive.  See Osbourne v. Sec'y, Fla. Dep't of Corr., 968 F.3d 1261, 1264 (11th Cir. 2020) (*per curiam*).  The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") states as follows:  "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ."  Guenther v.

---

[2] United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records . . . .").

Holt, 173 F.3d 1328, 1332 (11th Cir. 1999).  Without this authorization, the district court correctly dismisses second and successive habeas corpus applications.  In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997), *overruled on other grounds by* Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

Petitioner does not state he has sought or been granted permission from the Eleventh Circuit to file a second or successive § 2254 petition.  Without such authorization, this Court cannot consider Petitioner's claims.  See United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (explaining AEDPA's restrictions on second or successive petitions and concluding "[w]ithout authorization, the district court lacks jurisdiction to consider a second or successive petition"); see also In re Medina, 109 F.3d at 1564  (affirming dismissal of claims as successive because the petitioner did not first file an application with the Eleventh Circuit).

### III.   CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court finds Petitioner has filed a successive application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals.  Therefore, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of May, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3